IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM AKMAKJIAN, <br><br> Plaintiff, <br><br> v. <br><br> THE VILLAGE OF HOFFMAN ESTATES, an Illinois municipality, <br><br> Defendant. | Case No.: |

## COMPLAINT

Plaintiff, Dr. Sam Akmakjian ("Dr. Akmakjian"), an individual, by and through his attorneys, Taft Stettinius & Hollister LLP, for his Complaint against Defendant, the Village of Hoffman Estates ("Defendant" or the "Village"), states as follows:

## NATURE OF CASE

1. This action arises out of the Village's repeated denials of Dr. Akmakjian's requests to rezone approximately 40,000 square feet of real property in Hoffman Estates (the "Property"). The Property consists of two lots located at the southwest corner of Golf Road and Apple Street and has the common address of 1180-1190 Apple Street. It is currently improved with one single-family home (1180 Apple Street) and a vacant lot (1190 Apple Street). Dr. Akmakjian has owned the Property for nearly 30 years. Throughout his ownership of the Property, he has complied with all Village ordinances and cooperated with the Village in all respects. During that time, however, the character of the surrounding property has transformed from largely residential to entirely commercial. For example, the Property is located on Golf Road, a major commercial corridor in the Village, and the properties to the south, north, and east of the Property are all zoned, developed, and operated as commercial, including a car wash that directly abuts the Property. The Property is

bordered to the south by a private commercial driveway used by trucks to access a large shopping center to the southwest. Notwithstanding the commercial development existing on nearly every side of the Property, for reasons having no rational basis in fact or law, the Village has engaged in a multi-year campaign to deprive Dr. Akmakjian of the economically viable use of the Property. Moreover, the Village has selectively enforced an antiquated private Declaration of Covenants and Use Restrictions ("Restrictive Covenant") against Dr. Akmakjian, while admittedly permitting other property owners in the same subdivision to flagrantly breach the Restrictive Covenant. Dr. Akmakjian, who is of Armenian descent, believes that the Village's disparate treatment is due to his ethnic origin. The Village's ongoing blatant violations of Dr. Akmakjian's rights prompted this action.

## PARTIES, JURISDICTION, AND VENUE

2. Dr. Akmakjian is an Illinois resident and fee simple title holder of the Property.

3. The Village is a municipal corporation organized under the laws of Illinois and located at 1900 Hassell Road, Hoffman Estates, Illinois 60169.

4. The Court has subject matter jurisdiction under 28 USC § 1331 because this action arises under the provisions of the United States Constitution. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any related state law claims because they derive from the same common nucleus of operative fact as the federal law claims.

5. The Court has personal jurisdiction over the Village, and venue is proper in this District under 28 U.S. Code § 1391 because the Village is a municipal corporation residing in this District and the Property is located in this District.

## FACTUAL ALLEGATIONS

*Neighboring Car Wash Expands Over Dr. Akmakjian's Objection*

6. Since 1956, Golf Car Wash, Inc. ("Golf Car Wash") has owned and operated a car wash at 105 East Golf Road.

7. Dr. Akmakjian acquired the Property, which abuts the car wash, in 1993 and has held title to the Property for almost 30 years.

8. After learning of Golf Car Wash's plans to expand its operations, in 2016, Dr. Akmakjian objected, in writing and in person, to Golf Car Wash's request to the Village Board of Trustees (the "Village Board") for a special use permit, which would redevelop and expand the car wash.

9. Specifically, Dr. Akmakjian argued that the existence of the car wash and its related noise and debris made it extremely difficult for him to rent the Property to a quality tenant, and expansion of the car wash would make rental of the Property nearly impossible.

10. In July 2017, however, the Village Board granted Golf Car Wash's request for a special use permit under Section 9-8-2-C-9 of the Village's Zoning Code, allowing the car wash to expand over Dr. Akmakjian's objection. (7/17/17 Staff Discussion of Committee Agenda Item, attached as Exhibit A)

11. The expansion of Golf Car Wash further exacerbated the existing nuisance and extinguished any likelihood of Dr. Akmakjian renting the Property for residential use.

12. Dr. Akmakjian's inability to secure a dependable tenant or generate any residential rental income from the northern lot of the Property forced him to demolish the single-family home located on that lot in 2017.

### *Dr. Akmakjian's 2018 and 2019 Proposals to Rezone the Property*

13. With little to no viable residential use of the Property available to him, in 2018, Dr. Akmakjian petitioned the Village to rezone the Property from R-2 (One Family Residential) to B-2 (Business District) and approve a proposed site plan for the development of a multi-tenant retail/office building with a drive-thru facility (the "2018 Development") on the Property.

14. Dr. Akmakjian expended significant time, money, and resources in furtherance of this project and worked closely and diligently with the Village's Director of Planning and other Village staff members to ensure that the 2018 Development satisfied the criteria for rezoning under Section 9-1-17.E.2 of the Village's Zoning Code (the "Code").

15. The Village's Planning and Zoning Commission (the "Commission") voted 8 to 1 in favor of the 2018 Development plan.

16. In its Staff Report ("2018 Staff Report"), the Commission concluded that the Property met the criteria for rezoning to the B-2 District set forth in the Code. In so doing, the Staff Report acknowledged the significant commercial development that had occurred around the Property, stating:

> The proposed B-2 District is compatible with the B-2 zoning that already exists to the west and the similar commercial zoning to the north in Schaumburg. The subject property abuts a property that contains an existing commercial car wash and has frontage along Golf Road, which is considered a major commercial corridor in this area.
>
> * * *
>
> Since the property was zoned for single family residential over 50 years ago, the trend of development in the general area has been increasingly commercial in nature. Significant investment continues to be made developing and redeveloping commercial properties along Roselle and Golf Roads.

(7/18/18 Staff Report, attached as Exhibit B, at 3-4.)

4

17. Notwithstanding initial approval by the Commission, the Village Board ultimately denied Dr. Akmakjian's request.

18. In 2019, Dr. Akmakjian resubmitted a similar request to rezone the Property for commercial use (the "2019 Development"), and the Village Board subsequently denied that request.

19. In response to the Village Board's 2018 and 2019 petition denials, Village staff told Dr. Akmakjian and his counsel that Dr. Akmakjian should resubmit his rezoning request after the "next election," implying that the Village Board's denial was merely an effort to appease the voting residents of the Village.

### *Dr. Akmakjian's Seeks Courtesy Review of 2022 Proposal*

20. In April 2022, Dr. Akmakjian sought the Commission's "courtesy review" of a concept plan consisting of a one-story office building of approximately 4,500 square feet and a total of 39 parking spaces (the "2022 Development").

21. The proposed office building would be occupied by a single dental office operated by Dr. Akmakjian, who is a licensed dentist.

22. The 2022 Development took into account the objections to the 2018 Development and the 2019 Development petitions concerning traffic, congestion, and the resulting impact on nearby residences by removing the proposed retail use and the drive-thru facility and limiting the space to a single tenant – Dr. Akmakjian.

23. The Village staff's initial review of the 2022 Development determined that there was adequate parking to accommodate an office use and sufficient room to provide the setbacks and buffering required between commercial and residential uses in the area.

24. Like the 2018 Staff Report, in considering the 2022 Development, Village staff also noted that the character of the surrounding area had changed dramatically since the Property was originally platted in the 1950's:

> The property was platted prior to the Golf Road expansion into a major commercial corridor. The proposed commercial use of this property would be consistent with the zoning and land uses to the west (commercial car wash) and north (Golf Road right-of-way/Schaumburg commercial zoning districts). The area directly south of the subject site is also zoned commercial and is improved with a private drive servicing the Village water tower site and the Hoffman Plaza Shopping Center. The areas west and southwest of the site are all located within the Village's Roselle Road TIF district which was established in 2003 to facilitate commercial redevelopment in the area.

(4/11/22 Staff Discussion of Committee Agenda Item, attached as Exhibit C, at 2.)

25. However, the Trustees' comments during the April 11, 2022 "courtesy review" appeared to evidence less of a thoughtful consideration of the project and more of a general bias against Dr. Akmakjian.

26. One Trustee in particular stated unequivocally at the public meeting: "I'll never vote to flip these residentials to commercial ever."

27. In so doing, the Trustee referenced the Restrictive Covenant that covers the subdivision where the Property is located.

28. The Restrictive Covenant, among other things, restricts the lots in the subdivision to residential purposes, limits homes to one-story, and limits garage size.

29. But as the 2018 Staff Report concedes, the Village does not enforce the Restrictive Covenant, which was recorded prior to the Village's incorporation:

> In 1959, this subdivision was included in the Village's original incorporation and soon thereafter became subject to local zoning and land use laws. The Village is not party to, nor does it enforce private covenants. Therefore many permits and approvals have been (and continue to be) issued for work that does not conform to the private covenants, as long as the work meets Village codes.

(Exhibit B, at 2.)

6

30. The Village's failure to enforce the Restrictive Covenant is made apparent by the multiple properties in the same subdivision as the Property that violate the Restrictive Covenant in various conspicuous ways. More specifically, commercial development exists on nearly every side of the Property.

31. The Village purports to invoke the Restrictive Covenant as a *shield* to protect its residents. However, its failure to enforce the terms of the Restrictive Covenant against any other property owners reveals the Village's true intent, which is to use the Restrictive Covenant as a *sword* against Dr. Akmakjian.

32. Because there is no rational basis for treating Dr. Akmakjian differently than other similarly situated property owners in the Village, the Village's disparate treatment of Dr. Akmakjian must be related to his Armenian heritage.

*Demand Letter to the Village Corporation Counsel*

33. On May 19, 2022, Dr. Akmakjian's counsel sent a demand letter to the Village's Corporation Counsel, Arthur Janura, requesting that the Village approve Dr. Akmakjian's request to pursue the 2022 Development or pay him a sum commensurate with the loss of his economic opportunity (the "Demand Letter"). (Demand Letter, Exhibit D.)

34. The Village did not respond to the Demand Letter.

35. On July 1, 2022, Dr. Akmakjian's counsel spoke with Mr. Janura, who indicated that the Village was unwilling to resolve the dispute, thereby forcing Dr. Akmakjian to institute litigation against the Village.

## COUNT I
## (EQUAL PROTECTION VIOLATIONS)

36. Dr. Akmakjian restates, realleges, and incorporates by reference Paragraphs 1 through 35 as though fully stated herein.

7

37. The Equal Protection Clause of the United States and Illinois Constitutions requires that the government treat similarly situated individuals equally. *See* U.S. Constitution, Amendment 14; Illinois Constitution, Article I, Section 2.

38. The Village's enforcement of the Restrictive Covenants against Dr. Akmakjian, and its refusal to enforce them against other similarly situated property owners in the same subdivision is a blatant denial of Dr. Akmakjian's right to equal protection of the laws.

39. The Village's disparate treatment of Dr. Akmakjian is intentional and lacks a rational basis.

40. Further, Dr. Akmakjian is a member of a protected class, and the Village's denial of equal protection is based on Dr. Akmakjian's ethnic origin.

WHEREFORE, Dr. Akmakjian respectfully requests, pursuant to 42 U.S.C § 1983, that this Court enter an order granting his request to rezone the Property or award him damages in an amount to be determined at trial, but not less than $1,000,000, the recovery of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), and for such other further relief that this Court deems just.

## COUNT II
## (TAKINGS CLAUSE VIOLATIONS)

41. Dr. Akmakjian restates, realleges, and incorporates by reference ? Paragraphs 1 through 35 as though fully stated herein.

42. The Village Board's zoning of the Property as strictly residential and its refusal to rezone the Property to a limited commercial use violate of Article I, Sections 2 and 15 of the Illinois Constitution and the Fourteenth Amendment to the Constitution of the United States in that the action is an unconstitutional regulatory taking without due process, which requires that Dr. Akmakjian receive just compensation for the taking.

43. The Village's denial of the rezoning plan does not advance any legitimate Village interest or promote the health, safety, or welfare of the general public.

44. The Village's denial of the plan deprives Dr. Akmakjian of all economically beneficial or productive use of the Property.

45. Alternatively, the Village's denial of the plan effectively prohibits Dr. Akmakjian from developing the Property, will have a negative impact on the value of the Property, and will thereby deprive him of any reasonable return on his investment.

WHEREFORE, Dr. Akmakjian respectfully requests that this Court, pursuant to 42 U.S.C § 1983, enter an order granting his request to rezone the Property or award him damages in an amount to be determined at trial, but not less than $1,000,000, the recovery of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), and for such other further relief that this Court deems just.

## COUNT III
### (VIOLATION OF ORDINANCE-ARBITRARY AND CAPRICIOUS CONDUCT)

46. Dr. Akmakjian restates, realleges, and incorporates by reference Paragraphs 1 through 35 as though fully stated herein.

47. Section 9-1-17.E.2 of the Code requires the Commission to consider the following factors when determining a rezoning request:

    a. Existing uses of property within the general area of the property in question;

    b. The zoning classification of property within the general area of the property in question;

    c. The suitability of the property in question for the uses permitted under the existing zoning classification; and

    d. The trend of development, if any, in the general area of the property in

      question, including changes, if any, which may have taken place since the day the property in question was placed in its present zoning classification.

48. Once the Commission has decided that the subject property meets criteria for rezoning, the Village Board must grant the rezoning amendment.

49. The Commission approved the 2018 Development after finding each of the above factors supported development consistent with Dr. Akmakjian's request.

50. Despite satisfying his burden under the Zoning Code, the Village Board denied Dr. Akmakjian's 2018 rezoning application.

51. The Village made its decision even though it was not presented with evidence to refute the Commission's findings that the plan satisfied the requirements under the Code.

52. The Village's denial of the plan is in violation of the Code, which requires zoning amendments to be granted if the requirements are met.

53. The Village's denial of the plan is arbitrary and capricious in that it bears no rational relationship to protecting the health, safety, or welfare of the public or the neighboring property owners.

54. The Village's denial of the plan deprives Dr. Akmakjian of the ability to develop the property in any economically viable way.

55. The Village replicated its unlawful and arbitrary and capricious conduct when it denied Dr. Akmakjian's petitions relating to the 2019 Development and the 2022 Development.

56. The Village's unlawful actions constitute a concerted and on-going violation against Dr. Akmakjian that has adversely impacted Dr. Akmakjian's use and enjoyment of the Property over a five-year period since the Village approved the expansion of the Golf Car Wash in 2017.

57. An actual controversy exists between Dr. Akmakjian and the Village relating to the use of the Property and the Village's repeated denials of Dr. Akmakjian's rezoning requests.

58. This Court is empowered to grant declaratory relief to terminate the controversy between the parties.

WHEREFORE, Dr. Akmakjian respectfully requests that this Court enter an order, pursuant to 28 U.S.C. § 2201, declaring that the Village should rezone the Property under the Code and approve the 2022 Development Plan and enjoining the Village from interfering with the development of the Property in accordance with the 2022 Development Plan, and for such other relief that this Court deems just.

## COUNT IV
## (WRIT OF MANDAMUS)

59. Dr. Akmakjian restates, realleges, and incorporates by reference Paragraphs 1 through 35 and Paragraphs 47 to 58 as though fully stated herein.

60. Dr. Akmakjian has a clear right to the relief requested, including the rezoning of the Property under the Code to permit the 2022 Development Plan.

61. The Village has a clear duty to approve the rezoning of the Property because the 2022 Development Plan satisfies all of the requirements under the Code.

62. There is no other adequate remedy available to allow Dr. Akmakjian to draw an economically viable use from the Property other than rezoning the Property consistent with the Code and the 2022 Development Plan.

WHEREFORE, Dr. Akmakjian respectfully requests that this Court issue a writ of mandamus ordering the Village to rezone the Property under the Code and approve the 2022 Development Plan and for such other relief that this Court deems just.

Dated: August 2, 2022 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**DR. SAM AKMAKJIAN**


　　　　　　　　　　　　　　　　　　　　　By:＿＿＿/s/ Stephanie P. Addison＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　One of his attorneys


Kim R. Walberg
Stephanie P. Addison
kwalberg@taftlaw.com
saddison@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
Attorneys for the Plaintiff
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000