UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAM AKMAKJIAN,

        Plaintiff,

v.

THE VILLAGE OF HOFFMAN ESTATES,

        Defendant.

No. 22 C 04023

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiff Sam Akmakjian alleges Defendant Village of Hoffman Estates (the "Village") has denied his rezoning request in violation of his rights under the Fourteenth Amendment and the Illinois Constitution. Akmakjian also alleges the Village violated the Village's Zoning Code through arbitrary and capricious conduct and petitions the Court to issue a writ of mandamus. The Village moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Mot. to Dismiss, ECF no. 15. That motion is granted because Akmakjian's claims are not ripe for adjudication.

## LEGAL STANDARD

"It is well established that the existence of a case and controversy is a prerequisite for the exercise of federal judicial power under Article III." *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1002 (7th Cir. 2004). One important requirement is that the case or controversy is "ripe" for adjudication. *Id.* If a case is not ripe for purposes of Article III, the court should dismiss the case for lack

of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Biddison v. City of Chi.*, 921 F.2d 724, 726 (7th Cir. 1991). In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

## BACKGROUND

Akmakjian, an Armenian-American, owns a 40,000 square foot property at 1180-1190 Apple Street in Hoffman Estates, Illinois. R. 1 ¶ 1. In the thirty years that he has owned the property, the surrounding area has changed significantly from largely residential to commercial. *Id.* Akmakjian's property is subject to a restrictive covenant that limits the lots in the subdivision to residential use only, yet it is abutted on all four sides by commercial activity. *Id.* ¶¶ 10, 28. In 2018, Akmakjian petitioned the Village to rezone his property from R-2 (One Family Residential) to B-2 (business district) and to approve a proposed site plan for the development of a multi-tenant retail/office building with a drive-thru facility. *Id.* ¶ 13. The Village Board denied his application. *Id.* ¶ 17. In 2019, Akmakjian submitted a similar request to rezone the property for commercial use, which the Board also denied. *Id.* ¶ 18. Akmakjian alleges that Village staff told him that he should resubmit his rezoning application after the next election. *Id.* ¶ 19.

In April 2022, Akmakjian sought the Village's Planning and Zoning Commission's "courtesy review" of a development plan consisting of a scaled-back

one-story office building and a parking lot. *Id.* ¶ 20. Akmakjian alleges that during the courtesy review, one Village Board Trustee stated, "I'll never vote to flip these residentials to commercial ever." *Id.* ¶ 26.

Akmakjian sent a letter to the Village, requesting approval of his 2022 plan or payment of a sum reflecting his lost economic opportunity. *Id.* ¶ 33. When the Village did not respond, Akmakjian brought this suit under 42 U.S.C. § 1983, alleging violations of the Takings Clause and Equal Protection Clause of the United States Constitution. *Id.* ¶ 35. Akmakjian claims that the Village violated the Takings Clause by declining to rezone his property as commercial, thereby depriving him of the economically viable use of his property. Akmakjian also alleges that the Village does not enforce the restrictive covenant limiting land to residential use on other lots and that multiple properties in the same subdivision as his property violate the covenant. *Id.* ¶¶ 29-31. He therefore alleges that the restrictive covenant is being selectively enforced against him because of his Armenian ethnic origin in violation of the Equal Protection Clause. *Id.* ¶¶ 32, 40. He also alleges violations of the Village's Zoning Code through arbitrary and capricious conduct and petitions the Court to issue a writ of mandamus ordering the Village to rezone his property. The Village filed the instant motion to dismiss, R. 15, arguing that the Court does not have subject matter jurisdiction over Akmakjian's claims because they are not ripe for review, and that Akmakjian failed to state a claim.

## DISCUSSION

3

The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use "without just compensation." U.S. Const. Amend. V. A regulatory taking is a restriction on the use of property that is "so onerous" it violates the Takings Clause without depriving the owner of all the economic use of his property. *Dyson v. City of Calumet City*, 306 F. Supp. 3d 1028, 1045 (N.D. Ill. 2018). The court considers "a complex of factors" in determining whether a regulation violates the Takings Clause. *Id.* at 1045-46 (citing *Penn Cent. Transp. Co. v. City of N.Y.,* 438 U.S. 104 (1978)).

Cases alleging violations of the Takings Clause are subject to a special ripeness analysis. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "In land use challenges, the doctrine of ripeness is intended to avoid premature adjudication or review of administrative action. It rests upon the idea that courts should not decide the impact of regulation until the full extent of the regulation has been finally fixed and the harm caused by it is measurable." *Unity Ventures v. Lake Cnty.*, 841 F.2d 770, 774 (7th Cir. 1988) (citing *Herrington v. Cnty. of Sonoma*, 834 F.2d 1488, 1494 (9th Cir. 1987)). "Ripeness is, essentially, a question of timing." *Sprint Spectrum,* 361 F.3d at 1002.

A claim, therefore, is not ripe until the plaintiff receives a final decision regarding the application of the challenged regulations to the property at issue. *Williamson Cnty. Reg. Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 191-92 (1985). A decision is final when "there [is] no question . . . about how the regulation at issue applies to the particular land in question." *Pakdel v. City & Cnty. of San*

4

*Francisco, Cal.*, 594 U.S. 2226, 2230 (2021). A plaintiff is required to "at least resort to the procedure for obtaining variances and obtain a conclusive determination by the Commission whether it would allow the proposed development, in order to ripen [his] takings claim." *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 737 (1997) (cleaned up).

The Village argues that Akmakjian's claims are not ripe because the Village Board, which has the ultimate decision-making authority on zoning requests, has not issued a final decision on his 2022 proposal. The Court agrees. "A final decision must be demonstrated by a development plan submitted, considered, and rejected by the governmental entity." *Unity Ventures,* 841 F.2d at 775. Akmakjian alleges that he sought a "courtesy review" from the Village's Planning and Zoning Committee in 2022. R. 1 ¶ 20. But he does not allege that he submitted any formal request for his development plan to the Village Board for consideration, or that the Village Board made any final decision on it. The Village's Subdivision Code provides that a courtesy review by the Committee "shall not constitute a review by the Village Board and any direction to proceed to development review before the [] Commission shall not be construed as any indication of future project approval by the Village Board." Vill. of Hoffman Estates, Ill. Subdivision Code 10-2-2(B). Therefore, because the Village Board has not come to a definitive position on Akmakjian's 2022 proposed plan, there is no final administrative action for this Court to review. *See Williamson Cnty.,* 473 U.S. at 173 ("The administrative action must be final before it is judicially reviewable."); *Willan v. Dane Cnty.,* No. 21-1617, 2021 WL 4269922 at *3 (7th Cir.

5

Sept. 20, 2021) (affirming the district court's finding that claims under the Takings and Equal Protection Clauses were not ripe where the plaintiffs did not allege that they took the steps to obtain a zoning variance or that the county had reached a final decision).

Akmakjian argues that the finality requirement is met because submitting his 2022 proposal to the Village Board would be futile. It is true that "[t]he final decision requirement can be met with proof that attempts to comply would be futile." *Long Grove Country Club Ests., Inc. v. Vill. of Long Grove*, 693 F. Supp. 640, 653 (N.D. Ill. 1988). However, "mere allegations by a property owner that [he] has done everything possible to obtain acceptance of a development proposal will not suffice to prove futility." *Unity Ventures*, 841 F.2d at 776 (cleaned up). Rather, he must at least show that he made one meaningful application for the approval of his plan *Id.*

Akmakjian undercuts his own futility argument because he alleges that his 2022 redevelopment plan reconciles issues that the Village Board flagged with his previous applications and proposes a significantly less intense development. R. 1 ¶¶ 20-24. Moreover, one Village Board Trustee's statement indicating that he would never vote for rezoning does not indicate how the entire Board might vote. At this point, it would be speculative for the Court to determine how the Board would vote on Akmakjian's 2022 application because, by Akmakjian's own admission, it is markedly different from the previous applications that he submitted. Akmakjian's claims are not ripe for adjudication and must be dismissed.

6

Finally, since Akmakjian's federal claims are dismissed under the ripeness doctrine, the Court need not analyze whether Akmakjian adequately stated a claim. The Court further declines to exercise supplemental jurisdiction over the remaining state law claims. *Al's Serv. Ctr. v. BP Prod. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever federal claims have been dismissed prior to trial.").

## CONCLUSION

For the foregoing reasons, the Village's motion to dismiss (R. 15) is granted, and Akmakjian's case is dismissed without prejudice.

.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 27, 2023